Matthias, J.,
 

 concurring. The appellant bases its case on two premisesFirst, the validity of its mortgage and, second, the alleged lack of a certificate of title by the defendant, Albert Usinger. It seems clear from the record that at the time of the sale of this automobile by the Northside Auto Sales to the defendant, Albert Usinger, the Northside Auto Sales was the owner of the automobile by virtue of purchase from the L. T. Patterson Co., the distributor. Usinger, therefore, had purchased the car from one having the right to give him a certificate of title, and he, Usinger, had and still has, the right to demand and, if refused, to secure by appropriate court action, a certificate of title for this car.
 

 Some difficulty seems to have arisen from the fact that subsequent to the sale the Northside Auto Sales Company issued to itself the certificate of title, and this certificate of title is now of record. It seems clear
 
 *523
 
 that such a certificate of title may be cancelled or corrected by appropriate court action. If it were otherwise, the Certificate of Title Act would become an aid to those attempting fraud, rather than a protection of the innocent against fraud. Express power is conferred by Section 6290-8, General Code, upon the registrar of motor vehicles to cancel certificates of title improperly issued for stolen or converted motor vehicles, and by appropriate action one entitled to a certificate of title may procure it. Usinger’s failure to exercise this right can have no effect upon the controversy between him and the finance company, and can lend no weight whatsoever to the claim of the appellant that it is entitled to the car.
 

 In replevin actions, it is a well-settled rule of law that the person attempting to recover property must do so on the strength of his own title and not the weakness of his opponent’s. What, then, is the strength of the plaintiff’s title?
 

 Briefly stated, the evidence in the instant case shows that as between the Northside Auto Sales and the Automobile Finance Company this mortgage was a floor-plan mortgage. The finance company’s manager, Mr. Slater, testified to previous sales by the Northside Auto Sales in which existing mortgages were paid off when the cars were resold, and that he knew the cars on which they held mortgages were for sale; in fact, he knew that the particular car in controversy was a demonstrator. No bill of sale was issued prior to January 1, 1938, and no certificate of title was issued until after the sale of the automobile to Usinger. The obvious reason for the failure to issue the certificate to Munday, the automobile purchaser, was that ordinarily a car is new but once, and if the certificate were issued, the automobile would have become a “used car.” No construction can fairly be given the transaction other than a floor-plan mortgage device. It is not necessary
 
 *524
 
 that the floor-plan agreement be so designated in the mortgage. It can arise from the circumstances surrounding the transaction, and in the acquiescence of the mortgagee in allowing the motor vehicle to be offered for sale in the usual course of business.
 

 It is well settled that when an owner places a car on the floor of a retail dealer’s showroom for sale, and it is purchased in the usual course of business by one without knowledge of any conflicting claims, the purchaser will be protected and the owner estopped to set up his title against him.
 

 A case with somewhat similar facts was before this court in
 
 Commercial Credit Co.
 
 v.
 
 Schreyer,
 
 120 Ohio St., 568, 166 N. E., 808, 63 A. L. R., 674, in which a chattel mortgage was held valid as against a subsequent innocent purchaser, when at the time the mortgage was given the mortgagor had received no bill of sale for the car. A bill of sale, however, was later issued and the mortgage was made after a retail sale, instead of before, as in this case. The alleged sale to George Munday in this case was certainly not a retail sale; it was not so treated by either party, for no retail sales tax was paid, and no bill of sale, as required by the law in effect prior to January 1, 1938, was issued.
 

 The appellant, having failed to establish its title to the automobile in question, could not recover it by action in replevin.